UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| николая DaSilva, Samantha Lozano, Gabrielle McLemore, and Mara Reardon, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) | 1:19-cv-02453-JMS-DLP |
| Indiana House of Representatives, Indiana Senate, and Curtis T. Hill, Jr., *individually*, | ) ) ) ) | |
| Defendants. | ) ) | |

## ORDER

Plaintiffs Niki DaSilva, Samantha Lozano, Gabrielle McLemore, and Mara Reardon initiated this litigation in June 2019, alleging various constitutional violations and state law claims against the State of Indiana ("the State") and Attorney General Curtis Hill, Jr., in both his individual and official capacities. Plaintiffs' claims relate to Attorney General Hill's conduct on March 15, 2018 at a celebration at AJ's Lounge in Indianapolis to mark the end of the legislative session for the Indiana General Assembly (the "Sine Die Celebration"), and to the handling of their complaints relating to that conduct. On March 2, 2020, the Court, among other things, granted a Motion to Dismiss filed by the State and Attorney General Hill in his official capacity, and dismissed all of Plaintiffs' claims against the State and Attorney General Hill in his official capacity with prejudice. [Filing No. 113.] The Court also granted in part a Motion to Dismiss filed by Attorney General Hill in his individual capacity, dismissing certain claims against him in his individual capacity and declining to exercise supplemental jurisdiction over others. [Filing No. 113.]

1

On March 27, 2020, Plaintiffs filed a Second Amended Complaint against Attorney General Hill in his individual capacity, the Indiana House of Representatives, ("the House"), and the Indiana Senate ("the Senate"). [Filing No. 115.] Subsequently, Attorney General Hill in his individual capacity filed a Motion to Dismiss, [Filing No. 118], and a Motion for Sanctions, [Filing No. 130]. Those motions are now ripe for the Court's ruling.

## I.
### BACKGROUND

**A. The Court's March 2, 2020 Order**

The Court has already ruled on one round of Motions to Dismiss in this case, including a Motion to Dismiss filed by Attorney General Hill in his individual capacity and directed at Plaintiffs' Amended Complaint. In its March 2, 2020 Order, the Court dismissed with prejudice the federal claims that Plaintiffs asserted in their Amended Complaint against Attorney General Hill in his individual capacity, along with a state law claim for sexual battery. [Filing No. 113.] Because it had dismissed all federal claims in the lawsuit – including claims brought against the State under Title VII and various constitutional claims against Attorney General Hill in his official capacity – the Court considered whether it would exercise supplemental jurisdiction over Plaintiffs' remaining state law claims for battery, defamation, and false light invasion of privacy against Attorney General Hill in his individual capacity. [Filing No. 113 at 32-33.] The Court, in its discretion, ultimately declined to exercise supplemental jurisdiction over those claims, and dismissed them without prejudice to re-file them in state court. [Filing No. 113 at 33.]

In its March 2, 2020 Order, the Court specifically addressed whether Plaintiffs were entitled to file a Second Amended Complaint. [Filing No. 113 at 34-36.] It noted again that "Plaintiffs' battery, defamation, and false light invasion of privacy claims against Attorney General

2

Hill in his individual capacity are dismissed **WITHOUT PREJUDICE** to re-file them in state court." [Filing No. 113 at 35-36 (emphasis in original).] It went on to state:

> [T]o the extent Plaintiffs wish to file a Second Amended Complaint which sets forth claims that the Court has not already found fail to state a claim – for example, Title VII claims against the House and the Senate on behalf of Ms. Lozano, Ms. DaSilva, and Ms. McLemore – it must do so by **March 27, 2020**. Any Second Amended Complaint must be filed with due regard for the substantive rulings contained in this Order, and consistent with Fed. R. Civ. P. 11 and 28 U.S.C. § 1927.

[Filing No. 113 at 36 (emphasis in original).]

### B. Plaintiffs' Second Amended Complaint

On March 27, 2020, Plaintiffs filed a Second Amended Complaint[1] adding the House and Senate as Defendants and asserting Title VII sexual harassment and retaliation claims against them (Counts I and II).[2]  [Filing No. 115 at 33-35.]  Plaintiffs re-asserted claims against Attorney General Hill in his individual capacity for battery, defamation, and false light invasion of privacy. [Filing No. 115 at 35-36.]  In the Second Amended Complaint, Plaintiffs allege that the Court has supplemental jurisdiction over their state law claims against Attorney General Hill, predicated on their Title VII claims against the House and Senate.  [Filing No. 115 at 1.]

---

[1] The Second Amended Complaint sets forth essentially the same "Factual Allegations" section set forth in the Amended Complaint, and summarized in the Court's March 2, 2020 Order.  Because the pending Motion to Dismiss is focused on a jurisdictional issue, the Court declines to summarize Plaintiffs' factual allegations again in this Order.

[2] Plaintiffs' Title VII claims are only asserted on behalf of Ms. DaSilva, Ms. Lozano, and Ms. McLemore, [Filing No. 115 at 33-35], however the Court will refer to the Title VII claims as brought on behalf of "Plaintiffs" for simplicity.

## II.
### ATTORNEY GENERAL HILL'S MOTION TO DISMISS [FILING NO. 118]

### A.  Standard of Review

Attorney General Hill seeks to dismiss Plaintiffs' claims against him pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).  Rule 12(b)(1) "allows a party to move to dismiss a claim for lack of subject matter jurisdiction." *Hallinan v. Fraternal Order of Police of Chicago Lodge No. 7*, 570 F.3d 811, 820 (7th Cir. 2009).  When deciding a motion to dismiss under Rule 12(b)(1), the Court accepts the allegations in the plaintiff's complaint as true and draws all reasonable inferences in the plaintiff's favor.  *Long v. Shorebank Dev. Corp.*, 182 F.3d 548, 554 (7th Cir. 1999).  The burden is on the plaintiff to prove, by a preponderance of the evidence, that subject matter jurisdiction exists for his or her claims.  *See Lee v. City of Chicago*, 330 F.3d 456, 468 (7th Cir. 2003).

Under Rule 12(b)(6), a party may move to dismiss a claim that does not state a right to relief.  The Federal Rules of Civil Procedure require that a complaint provide the defendant with "fair notice of what the…claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quotation and citation omitted).  In reviewing the sufficiency of a complaint, the Court must accept all well-pled facts as true and draw all permissible inferences in favor of the plaintiff.  *See Active Disposal Inc. v. City of Darien*, 635 F.3d 883, 886 (7th Cir. 2011).  A Rule 12(b)(6) motion to dismiss asks whether the complaint "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).  The Court will not accept legal conclusions or conclusory allegations as sufficient to state a claim for relief.  *See McCauley v. City of Chicago*, 671 F.3d 611, 617 (7th Cir. 2011).  Factual allegations must plausibly state an entitlement to relief "to a degree that rises above the speculative level." *Munson v. Gaetz*, 673 F.3d 630, 633 (7th Cir.

2012). This plausibility determination is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

**B. Discussion**

In support of his Motion to Dismiss, Attorney General Hill sets forth three main arguments: (1) that, based on the Court's March 2, 2020 Order, Plaintiffs were required to seek leave to amend their Complaint to re-assert the state law claims against Attorney General Hill and did not do so; (2) that, in any event, it would be improper for the Court to exercise supplemental jurisdiction over the state law claims; and (3) that Plaintiffs' defamation and false light invasion of privacy claims fail as a matter of law. [Filing No. 119 at 2-15.] Attorney General Hill requests that the Court award him the attorneys' fees and costs he has incurred in connection with the Motion to Dismiss under 28 U.S.C. § 1927. [Filing No. 119 at 15-18.] The Court re-orders Attorney General Hill's arguments, and addresses them in turn.

*1. Whether Supplemental Jurisdiction Exists*

Attorney General Hill argues that supplemental jurisdiction for the state law claims against him does not exist because Plaintiffs do not assert federal claims against him, but only against the House and Senate, and the state law claims against him are not related to the Title VII claims against the House and Senate. [Filing No. 119 at 9-14.] Attorney General Hill argues further that the state law claims against him and the Title VII claims against the House and Senate "are completely independent of each other, disconnected by type, source, and context," and that the facts supporting the two groups of claims "are also different and disconnected by time, place, and context." [Filing No. 119 at 11.] Attorney General Hill contends that the Title VII claims against the House and Senate are based on Plaintiffs' employment relationships with those entities, whereas their state law claims against Attorney General Hill relate to his actions. [Filing No. 119

5

at 12.] Finally, he argues that the Court should weigh judicial economy, convenience, fairness, and comity, and decline to exercise jurisdiction over the state law claims. [Filing No. 119 at 13-14.]

In their response, Plaintiffs argue that their state law claims against Attorney General Hill "bear a 'loose factual connection'" to the Title VII claims brought against the House and Senate, and that all of the claims "commenced with the events that occurred on March 15, 2018 at the Sine Die Party." [Filing No. 128 at 9.] Plaintiffs assert that "even assuming Defendant Hill has no employment relationship with the Plaintiffs, the [House] or the [Senate], his unlawful actions can still form the basis for Title VII employer liability." [Filing No. 128 at 10.]

In his reply, Attorney General Hill argues that the Title VII claims against the House and Senate "allege conduct by specific members of the House and Senate, none of whom is Hill." [Filing No. 129 at 5.] He notes that the allegations relating to the defamation and false light invasion of privacy claims "occurred long after the alleged events of the subject 'Sine Die Celebration,'" and that the conduct which forms the basis of the battery, defamation, and false light invasion of privacy claims "did not occur on premises controlled by Plaintiffs' respective employers, the House and Senate." [Filing No. 129 at 5.] Attorney General Hill reiterates his argument that the interests of judicial economy, convenience, fairness, and comity do not weigh in favor of exercising supplemental jurisdiction over the state law claims. [Filing No. 129 at 7-8.]

28 U.S.C. § 1367(a) provides that:

> [I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

"The state and federal claims must derive from a common nucleus of operative fact," *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1966), and generally "[a] loose factual connection

6

between the [federal and state] claims is…sufficient," *Curry v. Revolution Labs., LLC*, 949 F.3d 385, 389 n.3 (7th Cir. 2020) (citing *Ammerman v. Sween*, 54 F.3d 423, 424 (7th Cir. 1995)). But the Seventh Circuit has acknowledged that exactly what that loose connection must be is difficult to define:

> Courts often ask whether the claims share a common nucleus of operative facts. This jiggles the vagueness problem around a little without solving it. The same phrase is used in the law of preclusion. It does real work and can handle many disputes, but not by prescribing an algorithm. It tells us that "enough" commonality makes for a controversy but does not dictate the solution to any case. So, for example, supplemental jurisdiction is appropriate when the supplemental claim involves the same parties, contracts, and course of action as the claim conferring federal jurisdiction. [We have added] that [a] loose factual connection between [] claims is generally sufficient to confer supplemental jurisdiction. How loose is that? What does enough commonality really mean? Still, unless there is a phrase better than "nucleus of operative facts," there's no point in complaining. No one has come up with a better phrase, despite a lot of trying, so we apply this one as best we can.

*Prolite Building Supply, LLC v. MW Mfg., Inc.*, 891 F.3d 256, 258 (7th Cir. 2018) (quotation and citation omitted).

The Court notes at the outset the important distinction between the "same nucleus of operative facts" and "loose factual connection" analyses on the one hand, and weighing the interests of judicial economy, convenience, comity, and fairness on the other. The Court engaged in the latter analysis in its March 2, 2020 Order, after it had dismissed all of the federal claims in the case. It essentially assumed without deciding that supplemental jurisdiction existed for the state law claims, but then declined to exercise it under § 1367(c)(3). *See* 28 U.S.C. § 1367(c)(3) ("The district court may decline to exercise supplemental jurisdiction over a claim under subsection (a) if…the district court has dismissed all claims over which it has original jurisdiction"); *Johnson v. Rimmer*, 936 F.3d 695, 705 (7th Cir. 2019) (noting that the district court declined to exercise supplemental jurisdiction over state law claims after it dismissed all federal

7

claims in the lawsuit). Here, where viable federal claims exist, the Court instead considers whether supplemental jurisdiction exists in the first instance for Plaintiffs' state law claims.[3]

### a. Battery Claim

In *Ammerman v. Sween*, the Seventh Circuit Court of Appeals found that supplemental jurisdiction existed for state law assault and battery claims against a co-worker where the plaintiff also asserted Title VII claims against her employer for its handling of the assault and battery. 54 F.3d 423. The Seventh Circuit found that the assault and battery claims were "sufficiently connected" to the Title VII claims because "without reference to the facts surrounding the assault, there could have been no sexual harassment claim against the employer." *Id.* at 425. It also based its decision on the rationale that because the employer had a duty to take reasonable steps to discover and rectify sexual harassment by a co-worker, the common nucleus of operative facts existed. *Id.* (supplemental jurisdiction over assault and battery claims existed because claims were "highly relevant to the determination of whether appropriate remedial action" was taken by employer); *see also Dunn v. Washington Cnty. Hosp.*, 429 F.3d 689, 693 (7th Cir. 2005) (reversing district court's grant of summary judgment in favor of employer on employee's Title VII sex discrimination claim, and remanding case with instructions to reinstate state law claims for assault

---

[3] Attorney General Hill argues that Seventh Circuit precedent dictates a "defendant-specific approach," whereby supplemental jurisdiction over state law claims against a defendant only exists if the plaintiff also asserts federal claims against that same defendant. [Filing No. 119 at 10-11.] The case Attorney General Hill relies upon, however, involved § 1367(c)(3), and whether the district court properly declined to exercise its discretion to decide state law claims against five defendants after all federal claims against those defendants had been dismissed. *Ryan v. Ill. Dept. of Children and Fam. Servs.*, 185 F.3d 751, 764-65 (7th Cir. 1999). The Seventh Circuit held that "[b]ecause there are no surviving federal claims against the remaining defendants, the district court acted within its discretion when it dismissed without prejudice the defamation claim against [the five defendants]." *Id.* at 765. The Court does not read *Ryan* to establish a categorical "defendant-specific approach" when a court is determining whether supplemental jurisdiction exists in the first instance under § 1367(a) – the analysis the Court is undertaking here.

and battery against independent contractor based on supplemental jurisdiction); *Freelain v. Vill. of Oak Park*, 2014 WL 148739, at *10 (N.D. Ill. 2014) (supplemental jurisdiction over state law assault and battery claims against co-worker existed where they formed the basis for FMLA and ADA claims); *Sawyer v. Columbia Coll.*, 2010 WL 3081260, at *6 (N.D. Ill. 2010) (court had supplemental jurisdiction over state law assault and battery claims against co-worker where plaintiff also asserted Title VII claims against employer).

This case is distinctly different from cases in which courts have found that supplemental jurisdiction predicated on Title VII claims against the plaintiff's employer existed over state law assault and battery claims against the plaintiff's co-worker or an independent contractor working for the employer. Attorney General Hill is not an employee of the House or the Senate, nor is he an independent contractor for those entities. Indeed, the alleged battery took place outside of the workplace, at the Sine Die Celebration. While this difference may not affect the viability of Plaintiffs' Title VII claims, which are based on how the House and Senate reacted to Plaintiffs' complaints about Attorney General Hill's conduct, it does affect the supplemental jurisdiction analysis in the Court's view.

Plaintiffs' Title VII claims are based on the actions of the House and Senate related to Plaintiffs' treatment in the workplace after the alleged battery at the Sine Die Celebration. [*See, e.g.*, Filing No. 115 at 22 (Plaintiffs alleging that "[s]ince reporting Hill's unwelcome and unlawful conduct, all of the Plaintiffs have encountered negative reactions, mocking comments, and been placed in improper professional situations by their colleagues, superiors, and subordinates related to the complaints made against Hill").] Whether or not the battery allegations against Attorney General Hill are true is irrelevant to the success or failure of the Title VII claims. While it is true that without Attorney General Hill's alleged conduct at the Sine Die Celebration the Title VII

claims would not exist, the focus of those claims is not on the battery itself, or the House's and Senate's failure to prevent the battery. The focus of those claims is on the actions of Plaintiffs' "colleagues, superiors, and subordinates" – none of whom are Attorney General Hill – after Plaintiffs accused Attorney General Hill of battery, and how the House and Senate handled those actions. See *United States v. Clark*, 2010 WL 476637, at *1 (N.D. Ill. 2010) ("facts linking state to federal claims must be 'operative,' *i.e.*, they must be 'relevant to the resolution of' the federal claims"); *General Auto Serv. Station v. City of Chicago*, 2004 WL 442636, at *12 (N.D. Ill. 2004) (state law claim must provide more than "factual background" for federal claim in order for supplemental jurisdiction to exist). The Court finds that the state law battery claim and the Title VII claims do not share the required common nucleus of operative facts and that the claims are not sufficiently connected to enable the Court to exercise its supplemental jurisdiction. Accordingly, the Court finds that it does not have supplemental jurisdiction over Plaintiffs' battery claim.

### b. Defamation and False Light Invasion of Privacy Claims

In their defamation claim, Plaintiffs allege that Attorney General Hill has attacked their reputation by falsely stating that their complaints and reports about his conduct at the Sine Die Celebration were "'vicious and false,' 'continue to change,' are 'deeply troubling,' and 'contain numerous misstatements and misrepresentations.'" [Filing No. 115 at 35-36.] In their false light invasion of privacy claim, Plaintiffs allege that Attorney General Hill published statements "that directly or implicitly accused the Plaintiffs of misconduct in their trade, profession, office or occupation." [Filing No. 115 at 36.] The defamation and false light invasion of privacy claims relate exclusively to the conduct of Attorney General Hill, who is not Plaintiffs' co-worker, after the Sine Die Celebration. Those claims have no connection – loose or otherwise – to Plaintiffs' Title VII claims against their employers. The facts necessary to establish liability for Attorney

10

General Hill for defamation and false light invasion of privacy intersect only to the extent that they provide background for the facts needed to prove that the House and Senate are liable for Title VII violations. *See Mourning v. Ternes Packaging, Inc*., 2015 WL 13646940, at *3 (S.D. Ind. 2015) (supplemental jurisdiction did not exist for state law claims which were based on operative facts distinct from those which formed basis for federal claim, and whose dismissal would not affect federal claim). The Court finds that it does not have supplemental jurisdiction over Plaintiffs' defamation and false light invasion of privacy claims.

In sum, Plaintiffs' battery, defamation, and false light invasion of privacy claims against Attorney General Hill do not share a common nucleus of operative facts with their Title VII claims against the House and Senate, and the requisite connection between the state law claims and the Title VII claims is not present. Accordingly, the Court **GRANTS** Attorney General Hill's Motion to Dismiss to the extent that it **DISMISSES** Plaintiffs' battery, defamation, and false light invasion of privacy claims for lack of subject matter jurisdiction, **WITHOUT PREJUDICE** for Plaintiffs to re-file those claims in state court.[4]

### 2.  *Whether Sanctions Under 28 U.S.C. § 1927 Are Warranted*

In his Motion to Dismiss, Attorney General Hill requests that the Court award him the attorneys' fees and costs he has incurred "to redress the fact that the Plaintiffs have vexatiously multiplied this proceeding by compelling [him] and this Court to spend physical and intellectual resources to redo what has been done once already, namely the dismissal of these very state law claims we see in the Second Amended Complaint." [Filing No. 119 at 18.] Attorney General Hill

---

[4] Because the Court finds that it does not have supplemental jurisdiction over Plaintiffs' claims against Attorney General Hill, it will not address Attorney General Hill's additional arguments that those claims fail as a matter of law, or that Plaintiffs failed to exhaust their administrative remedies for their Title VII claims.

11

argues that Plaintiffs re-asserted the state law claims against him in the Second Amended Complaint "[n]otwithstanding the fact that the Court directed the state law claims to be filed in state court in two different places in the Order, and that the invitation for an Amended Complaint was only directed to Title VII claims against the House and the Senate…." [Filing No. 119 at 16.] Attorney General Hill notes that the Court warned Plaintiffs in the March 2, 2020 Order that a Second Amended Complaint needed to be filed "with due regard for the substantive rulings contained in [the] Order, and consistent with Fed. R. Civ. P. 11 and 28 U.S.C. § 1927." [Filing No. 119 at 16.] Attorney General Hill contends that re-asserting the state law claims against him in the Second Amended Complaint multiplied the proceedings in this case unreasonably and vexatiously, and that the inclusion of those claims was "clearly meritless from the start." [Filing No. 119 at 17.]

In response to Attorney General Hill's request for sanctions under § 1927, Plaintiffs argue that the request is "based upon a misreading of this Court's March 2, 2020 Order and applicable law." [Filing No. 128 at 17.] Plaintiffs assert that the request should be summarily denied. [Filing No. 128 at 17.]

In his reply, Attorney General Hill reiterates his initial arguments and also argues that Plaintiffs did not timely bring their Title VII claims against the House and Senate and, despite knowing this, "Plaintiffs' counsel still chose to bring an action that was time barred and another that was substantively ruled upon and directed into state court." [Filing No. 129 at 18.]

Section 1927 provides that any attorney "who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct."  A finding of

subjective bad faith or objective bad faith on the part of the offending attorney will support the imposition of sanctions under § 1927. *Boyer v. BNSF Ry. Co.*, 824 F.3d 694, 708 (7th Cir. 2016).

Although the Court has concluded that it does not have supplemental jurisdiction over Plaintiffs' state law claims against Attorney General Hill, the Court finds that Plaintiffs' inclusion of those claims in the Second Amended Complaint was not unreasonable or vexatious. In its March 2, 2020 Order, the Court assumed without deciding that it had supplemental jurisdiction over Plaintiffs' state law claims and then, in its discretion, declined to exercise supplemental jurisdiction over those claims under § 1367(c)(3) after it had dismissed all federal claims in the lawsuit. [Filing No. 113 at 32-34.] The only claims that the Court prohibited Plaintiffs to re-file were those that it had dismissed under Rule 12(b)(6). [*See* Filing No. 113 at 36 (Court ordering that any Second Amended Complaint "which sets forth claims that the Court has not already found fail to state a claim" must be filed by March 27, 2020, and with due regard for Rule 11 and § 1927).]

Importantly, the Second Amended Complaint presents a very different procedural situation than the scenario faced by the Court when it issued the March 2, 2020 Order: namely, there are viable federal claims in the Second Amended Complaint. As discussed above, instead of assuming that supplemental jurisdiction exists and considering whether to exercise its discretion and decide the state law claims in the absence of viable federal claims, the Court has now considered whether supplemental jurisdiction exists for the state law claims in light of the viable federal claims in the first instance. It did not perform that analysis in the March 2, 2020 Order because no viable federal claims remained. And Plaintiffs' arguments regarding whether supplemental jurisdiction exists for those state law claims as re-asserted in the Second Amended Complaint are based on a scenario

that neither the parties – in briefing the first round of Motions to Dismiss – nor the Court – in the March 2, 2020 Order on those motions – had considered.

Put simply, nothing in the Court's March 2, 2020 Order required Plaintiffs to obtain leave of Court to re-allege the state law claims against Attorney General Hill in the Second Amended Complaint, and Plaintiffs' inclusion of those claims in the Second Amended Complaint without obtaining leave of Court was not unreasonable or vexatious.  The Court **DENIES** Attorney General Hill's request for sanctions under § 1927.

In sum, the Court **GRANTS IN PART** Attorney General Hill's Motion to Dismiss, [Filing No. 118], to the extent that it **DISMISSES** Plaintiffs' battery, defamation, and false light invasion of privacy claims for lack of subject matter jurisdiction, **WITHOUT PREJUDICE** to re-file them in state court.  The Court **DENIES IN PART** Attorney General Hill's Motion to Dismiss, [Filing No. 118], to the extent that it declines to award sanctions under § 1927.

### III.
### ATTORNEY GENERAL HILL'S MOTION FOR SANCTIONS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 11 [FILING NO. 130]

#### A.  Standard of Review

Attorney General Hill brings his Motion for Sanctions under Federal Rule of Civil Procedure 11.  [Filing No. 130.]  "Under Rule 11, a district court may impose sanctions on a lawyer who submits frivolous legal arguments – those not warranted 'by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law.'"  *Bell v. Vacuforce, LLC*, 908 F.3d 1075, 1079 (7th Cir. 2018) (quoting Fed. R. Civ. P. 11(b)(2); citing *Berwick Grain Co. v. Ill. Dep't of Agriculture*, 217 F.3d 502, 504 (7th Cir. 2000) (affirming Rule 11 sanction for frivolous post-judgment motion)).  In order to determine whether Rule 11 sanctions are warranted, the Court "must undertake an objective inquiry into whether the party or his counsel

14

should have known that his position is groundless." *Cuna Mut. Ins. Soc. v. Office & Prof'l Employees Int'l Union, Local 39*, 443 F.3d 556, 560 (7th Cir. 2006) (quotations and citations omitted).

### B. Discussion

In his Motion for Sanctions, Attorney General Hill sets forth essentially the same arguments he asserted in support of his request for sanctions under § 1927 in his Motion to Dismiss. He contends that the Court instructed Plaintiffs to re-file the state law claims in state court, and that "[t]he inclusion of these claims clearly contravenes the Court's Order of March 2, 2020 and violates the spirit and intent of Federal Rule 11." [Filing No. 130 at 4.] Attorney General Hill argues that "[r]e-including the claims against [him] that were already ruled upon and forcing [him] to incur the cost of challenging the inclusion can readily be concluded as a ripe example of a pleading 'presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation' all in contravention of Rule 11." [Filing No. 130 at 5-6.] Attorney General Hill notes that his counsel "made reasonable efforts to confer with opposing counsel and resolve the matters raised in the instant Motion by letters dated April 9, 2020, May 1, 2020, and May 5, 2020, and by tendering a copy of the proposed Motion for Sanctions on April 9, 2020…." [Filing No. 130 at 7.]

Plaintiffs respond that Attorney General Hill's Motion for Sanctions is "based on a contorted interpretation of the Court's March 2, 2020 Order," and note that the Court "declined to exercise supplemental jurisdiction over the State Law claims against Hill individually because there were no remaining federal claims…." [Filing No. 131 at 1-2.] Plaintiffs contend that the Court's March 2, 2020 Order permitted them to file a Second Amended Complaint "asserting any claims that were not dismissed under Rule 12([b])(6)." [Filing No. 131 at 4.] Finally, they argue

15

that, at best, the Court's March 2, 2020 Order was unclear regarding whether they could re-assert the state law claims in the Second Amended Complaint, and that Attorney General Hill's Motion for Sanctions "itself could be characterized as needlessly increasing litigation costs and unnecessarily delaying these proceedings." [Filing No. 131 at 8.]

In his reply, Attorney General Hill reiterates many of his same arguments. [Filing No. 132.]

For the same reasons that the Court denies Attorney General Hill's request for sanctions under § 1927, it declines to impose sanctions under Rule 11. As discussed in more detail above, the Court's March 2, 2020 Order did not require Plaintiffs to seek leave to amend to re-assert the state law claims against Attorney General Hill. The only claims the Court explicitly prohibited Plaintiffs from re-asserting were those that the Court had already found failed to state a claim. [Filing No. 113 at 36.] The Court did not find that Plaintiffs failed to state claims for battery defamation, or false light invasion of privacy.[5] Moreover, and again, because viable federal claims remain in the lawsuit, the Court's analysis regarding supplemental jurisdiction is different than the analysis it undertook in the March 2, 2020 Order. With viable Title VII claims against the House and Senate, the Court has now considered whether supplemental jurisdiction exists for the state law claims – *i.e.*, whether the remaining claims share a common nucleus of operative facts and the requisite loose connection to each other. In the March 2, 2020 Order, the Court decided in its discretion not to exercise supplemental jurisdiction over the state law claims in the absence of

---

[5] In its March 2, 2020 Order, the Court noted that Attorney General Hill would be entitled to immunity in connection with Plaintiffs' defamation and false light invasion of privacy claims in federal court, in any event. [Filing No. 113 at 33-34.] But it did not dismiss those claims for failure to state a claim – rather, it declined to exercise supplemental jurisdiction over those claims.

remaining federal claims, weighing the interests of judicial economy, convenience, fairness, and comity.

Put simply, nothing in the Court's March 2, 2020 Order required Plaintiffs to obtain leave of Court to re-allege the state law claims against Attorney General Hill in the Second Amended Complaint, and Plaintiffs' inclusion of those claims in the Second Amended Complaint without obtaining leave of Court was not objectively frivolous. The Court **DENIES** Attorney General Hill's Motion for Sanctions. [Filing No. 130.]

## IV.
### CONCLUSION

For the foregoing reasons, the Court **GRANTS IN PART** Attorney General Hill's Motion to Dismiss, [118], to the extent that it dismisses Plaintiffs' state law claims for battery, defamation, and false light invasion of privacy for lack of subject matter jurisdiction, **WITHOUT PREJUDICE** for Plaintiffs to re-file them in state court. The Court **DENIES IN PART** Attorney General Hill's Motion to Dismiss, [118], to the extent that it declines to award sanctions under 28 U.S.C. § 1927. The Clerk is **DIRECTED** to **TERMINATE** Attorney General Hill as a Defendant in this case and is **DIRECTED** to **TERMINATE** Mara Reardon as a Plaintiff in this case.[6] The Court **DENIES** Attorney General Hill's Motion for Sanctions, [130].

The Title VII claims asserted by Ms. DaSilva, Ms. Lozano, and Ms. McLemore against the House and Senate will proceed. The Court notes that it is just short of one year since Plaintiffs initiated this litigation, yet the docket reflects more than 130 docket entries, which include twenty substantive motions filed by the parties. Now that the proper parties and claims are before the Court, the parties are encouraged to focus on the efficient resolution of Plaintiffs' claims. To that

---

[6] As noted above, the Title VII claims – the only claims that remain in this litigation – are not asserted on behalf of Ms. Reardon.

17

end, the Court requests that the Magistrate Judge confer with the parties regarding a possible resolution of this matter short of trial.

Date: 6/9/2020

_____
Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

**Distribution via ECF only to all counsel of record**