UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| NIKI DASILVA, SAMANTHA LOZANO, GABRIELLE MCLEMORE, and MARA REARDON, <br><br>*Plaintiffs,* <br><br>vs. <br><br>STATE OF INDIANA, CURTIS T. HILL, JR., *individually and in his capacity as the Indiana Attorney General*, INDIANA HOUSE OF REPRESENTATIVES, and INDIANA SENATE,[1] <br><br>*Defendants.* | 1:19-cv-02453-JMS-DLP |

## ORDER

The original plaintiffs in this action, Niki DaSilva, Samantha Lozano, Gabrielle McLemore, and Mara Reardon, alleged various constitutional violations and state law claims against the State of Indiana ("the State") and Attorney General Curtis Hill, Jr., in both his individual and official capacities. Plaintiffs' claims related to Attorney General Hill's conduct on March 15, 2018 at a celebration at AJ's Lounge in Indianapolis to mark the end of the legislative session for the Indiana General Assembly (the "Sine Die Celebration"), and to the handling of their complaints relating to that conduct. On March 2, 2020, the Court, among other things, granted a Motion to Dismiss filed by the State and Attorney General Hill in his official capacity, and dismissed all of Plaintiffs' claims against the State and Attorney General Hill in his official capacity with prejudice. [Filing No. 113.] Plaintiffs then filed a Second Amended Complaint against Attorney General Hill in his individual capacity, the Indiana House of Representatives ("the

---

[1] This case caption includes some individuals and entities who have since been terminated as parties in this lawsuit, but to whom this Order applies.

1

House"), and the Indiana Senate ("the Senate"). [Filing No. 115.] Subsequently, Plaintiffs filed a Motion for Entry of Partial Final Judgment, [Filing No. 120], in which they request that the Court enter partial final judgment on the claims that it dismissed with prejudice in its March 2, 2020 Order. That motion is ripe for the Court's decision.

# I.
## BACKGROUND

In their Amended Complaint, which was the operative complaint when the Court decided the Motion to Dismiss filed by the State and Attorney General Hill in his official capacity, Plaintiffs alleged the following claims: sexual harassment under Title VII against the State (Count I); retaliation under Title VII against the State (Count II); sexual harassment and discrimination in violation of 42 U.S.C. § 1983 and the Equal Protection Clause against Attorney General Hill in his individual and official capacities (Count III); retaliation in violation of 42 U.S.C. § 1983 and the Equal Protection Clause against Attorney General Hill in his individual and official capacities (Count IV); violation of 42 U.S.C. § 1983 and the Substantive Due Process Clause against Attorney General Hill in his individual and official capacities (Count V); battery against Attorney General Hill in his individual capacity (Count VI); sexual battery against Attorney General Hill in his individual capacity (Count VII); defamation against Attorney General Hill in his individual capacity (Count VIII)[2]; and false light invasion of privacy against Attorney General Hill in his individual capacity (Count IX).

In its March 2, 2020 Order, the Court dismissed the following claims with prejudice:

- sexual harassment under Title VII against the State (Count I);

---

[2] Plaintiffs listed the defamation count as "Count VII," but the Court assumes that this was a typographical error since the sexual battery count, which preceded the defamation count, is also listed as "Count VII." [Filing No. 44 at 35-36.] The Court will refer to the defamation count as "Count VIII."

- retaliation under Title VII against the State (Count II);

- sexual harassment and discrimination in violation of 42 U.S.C. § 1983 and the Equal Protection Clause against Attorney General Hill in his individual and official capacities (Count III);

- retaliation in violation of 42 U.S.C. § 1983 and the Equal Protection Clause against Attorney General Hill in his individual and official capacities (Count IV);

- violation of 42 U.S.C. § 1983 and the Substantive Due Process Clause against Attorney General Hill in his individual and official capacities (Count V); and

- sexual battery against Attorney General Hill in his individual capacity (Count VII).

[Filing No. 113.] Having dismissed all of the federal claims in the lawsuit, the Court then declined to exercise supplemental jurisdiction over the battery, defamation, and false light invasion of privacy claims against Attorney General Hill in his individual capacity, and dismissed those claims without prejudice to re-file them in state court. [Filing No. 113.] The Court noted in its March 2, 2020 Order:

> To the extent Plaintiffs wish to File a Second Amended Complaint which sets forth claims that the Court has not dismissed with prejudice – for example, Title VII claims against their respective employers – they must do so by March 27, 2020. Absent the filing of a Second Amended Complaint, the Court will issue a final judgment thereafter. If a Second Amended Complaint is filed, Plaintiffs may request the issuance of a partial final judgment for their claims against the State and Attorney General Hill.

[Filing No. 113 at 37.]

On March 27, 2020, Plaintiffs filed a Second Amended Complaint asserting Title VII sexual harassment and retaliation claims against the House and Senate and state law claims for battery, defamation, and false light invasion of privacy against Attorney General Hill in his individual capacity. On June 9, 2020, the Court granted Attorney General Hill's Motion to Dismiss to the extent that it dismissed the battery, defamation, and false light invasion of privacy claims

for lack of subject matter jurisdiction, without prejudice to re-file them in state court. [Filing No. 134.]

## II.
### DISCUSSION

Plaintiffs argue that there is no just reason to delay immediate appeal from the dismissal of the Title VII claims against the State because the Court's March 2, 2020 Order finally disposed of Plaintiffs' claims against the State. [Filing No. 120 at 3.] Plaintiffs argue that they are "entitled to a definitive resolution of their rights against [the State]." [Filing No. 120 at 3-4.] Plaintiffs also argue that there is no just reason to delay immediate appeal of the Court's dismissal of the federal constitutional claims against Attorney General Hill in his official and individual capacities because the claims that remain against Attorney General Hill – for battery, defamation and false light invasion of privacy, as asserted in Plaintiffs' Second Amended Complaint filed on March 27, 2020, [Filing No. 115] – are "distinct and separate from the elements of proof and legal analysis of the dismissed federal constitutional claims." [Filing No. 120 at 4.]

The State and Attorney General Hill in his official capacity do not oppose Plaintiffs' Motion for Entry of Partial Final Judgment, and agree that there is no just reason for delay of the entry of final judgment on Plaintiffs' Title VII claims against the State and their constitutional claims against Attorney General Hill in his official capacity. [Filing No. 121.]

Attorney General Hill, in his individual capacity, opposes the entry of partial final judgment on the claims against him that the Court dismissed with prejudice. [Filing No. 122.] He argues that the Court "did not invite the Plaintiffs to…request final judgment as to the claims against Hill in his individual capacity," and that granting final judgment on the claims that the Court dismissed in the March 2, 2020 Order "would ultimately place both the Plaintiffs and Hill in the position of engaging in appellate proceedings on the claims dismissed on March 2, 2020,

4

while the remaining claims against Hill are presently pending in this Court." [Filing No. 122 at 2-3.] Attorney General Hill argues that "[a]t the present time, the Court has not had the opportunity to resolve all claims against Hill, in his individual capacity, given the refilling (sic) of the state claims against him, making present entry of final judgment on the individual claims premature and in contravention of the purpose of Fed. R. Civ. P. 54(b)." [Filing No. 122 at 3.] Attorney General Hill notes that "an order is not final and appealable against a party unless the order fully and finally resolves the issues involving that particular party." [Filing No. 122 at 4.]

Plaintiffs reiterate their arguments in their reply brief. [Filing No. 123.]

As a policy matter, Congress has determined that appeals should generally wait until litigation in the trial court has completely finished with respect to all parties and all claims. *See* 28 U.S.C. § 1291. Some narrow exceptions to that rule exist, including Fed. R. Civ. P. 54(b). It provides in part:

> When an action presents more than one claim for relief – whether as a claim, counterclaim, crossclaim, or third-party claim – or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay.

*Id.* That provision forbids a district court from certifying a claim under Rule 54(b) "when the subjects of the partial judgment…overlap with those remaining in the district court." *Lottie v. W. Am. Ins. Co.*, 408 F.3d 935, 938-39 (7th Cir. 2005) (citation omitted). But because certification under Rule 54(b) is discretionary, not mandatory, merely establishing separateness of claims does not entitle a party who has lost on those claims to an immediate appeal. *Doe v. City of Chicago*, 360 F.3d 667, 673 (7th Cir. 2004) (citations omitted); *Horn v. Transcon Lines, Inc.*, 898 F.2d 589, 592 (7th Cir. 1990) ("Even when claims are separate, an appeal ought not follow as of course"). The Court must consider "judicial administrative interests as well as the equities involved, and

5

giv[e] due weight to the historic federal policy against piecemeal appeals." *Reiter v. Cooper*, 507 U.S. 258, 265 (1993) (quotations and citations omitted).

As to Plaintiffs' claims against the State and Attorney General Hill in his official capacity, the Court finds that those claims are wholly separable from the only remaining claims in this litigation – the Title VII claims against the House and Senate – and that judicial administrative interests weigh in favor of entering final judgment on those claims. Further, Plaintiffs, the State, and Attorney General Hill in his official capacity all agree that the entry of partial final judgment under Rule 54(b) is appropriate. Accordingly, the Court finds that there is no just reason for delay and **GRANTS** Plaintiffs' Motion for Entry of Partial Final Judgment, [Filing No. 120], as to the claims Plaintiffs asserted against the State and Attorney General Hill in his official capacity in the Amended Complaint.

As to the claims against Attorney General Hill in his individual capacity which the Court dismissed with prejudice in its March 2, 2020 Order, the Court finds that the entry of final judgment as to those claims is appropriate as well. Attorney General Hill's only argument against the entry of final judgment is that granting final judgment on the federal claims that the Court dismissed in the March 2, 2020 Order would force him to litigate piecemeal against Plaintiffs since they re-asserted their state law claims against him in their Second Amended Complaint. However, since Attorney General Hill filed his response to Plaintiffs' Motion for Entry of Partial Final Judgment, the Court has dismissed those state law claims for lack of subject matter jurisdiction. [Filing No. 134.] In other words, no claims remain pending against Attorney General Hill in his individual capacity in this case. Further, the Court finds that none of Plaintiffs' claims against Attorney General Hill in his individual capacity overlap with the remaining Title VII claims against the House and Senate, that judicial administrative interests weigh in favor of the entry of

6

final judgment on those claims, and that there is no just reason for delay of the entry of final judgment on those claims. The Court **GRANTS** Plaintiffs' Motion for Entry of Partial Final Judgment as to Plaintiffs' claims against Attorney General Hill in his individual capacity that were dismissed in the Court's March 2, 2020 and June 9, 2020 Orders.[3]

### III.
#### CONCLUSION

Based on the foregoing, the Court finds that there is no just reason for delay and **GRANTS** Plaintiffs' Motion for Entry of Partial Final Judgment, [120]. Final judgment as to Plaintiffs' claims against the State and Attorney General Hill in both his official and individual capacities shall enter accordingly.

Date: 6/9/2020

Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

**Distribution via ECF only to all counsel of record**

---

[3] Although Plaintiffs do not request the entry of final judgment on their state law battery, defamation, and false light invasion of privacy claims against Attorney General Hill (because those claims remained pending at the time they filed their Motion for Entry of Partial Final Judgment), the Court finds that entry of final judgment on those claims as well will promote judicial efficiency.